UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIGUEL ANGEL FLORES,<br><br>Petitioner,<br><br>v.<br><br>A. NEIL CLARK,<br><br>Respondent. | CASE NO. C08-964-RAJ-JPD<br><br>REPORT AND RECOMMENDATION |

Petitioner Miguel Angel Flores is a native and citizen of Mexico. On June 19, 2008, petitioner, proceeding pro se, filed a "Petition for Bail Hearing Pursuant to Kim v. Zigler," requesting that the Court order his release on bond. (Dkt. 8). Petitioner subsequently filed a second "Petition for Bail Hearing Pursuant to Kim v. Zigler," which the Court construed as a motion for bail hearing. (Dkt. 16). On September 8, 2008, however, respondent filed a "Notice of Action Mooting Habeas Petition," indicating that on September 3, 2008, the U.S. Immigration and Customs Enforcement ("ICE") removed petitioner to Mexico. (Dkt. 19). Respondent asserts that because petitioner is no longer detained by ICE, his habeas petition requesting release on bond should be dismissed as moot. *Id.*

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002).

REPORT AND RECOMMENDATION
PAGE – 1

"When a controversy no longer exists, the case is moot." *Id*. Because petitioner is no longer detained by ICE, the Court finds that petitioner's habeas petition should be dismissed as moot. *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992) (holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe). Accordingly, I recommend that this action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 10th day of September, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 2